BOARD OF COMMISSIONERS OF FLOYD COUNTY *v.* LOVE.

RELIEF TO SOLDIERS' FAMILIES.—The distribution of the revenue collected under the act of *March* 4, 1865, to the families of soldiers entitled thereto, was not a matter of discretion, but of duty, on the part of the commissioners and township trustees.

SAME.—This obligation was continued by the act of *December*, 1865, up to the third *Monday* of *March*, 1866.

APPEAL from the *Floyd* Circuit Court.

RAY, J.—This action was submitted to the court below upon an agreed statement of facts, as follows:

1. That under the act of *March* 4th, 1865, for the relief of the families of soldiers, &c., (Acts 1865, p. 93), there was levied and collected in 1865, for *Floyd* county, taxes to the amount of $20,369 39 for the purposes of said act.

2. That of this sum $8,443 13 were applied to the repayment of moneys borrowed under section 12 of said act, and six per cent. interest thereon.

3. That the balance of said sum, to-wit, $11,927 26, which was all collected after *March* 3, 1866, was retained in the county treasury as other county revenue, and had all been used for county purposes.

4. That the appellee is, and was on *March* 4th, 1865, the mother of *Homer Love*, who was a soldier, unmarried and without children, in the *United States* service, and continued in such service until *September* 1, 1865; that during that time she was dependent on said *Homer*, and had not otherwise sufficient means for her comfortable support, which fact was determined by the proper disbursing officer; that during said time she was a resident of *New Albany* township, in said county, where said *Homer* was enlisted as such soldier, and that she had only received, under the seventh section of said act, one month's pay of the amount allowed her under said act.

Upon these facts, the court found for the appellee, and overruled a motion for a new trial, to which an exception was taken, and rendered judgment against the appellant.

The claim in this case is made under the provisions of the seventh section of the act, which required the county commissioners of the several counties to take control of the funds collected under the act, and apportion the same to the several townships in their respective counties, and such funds, so apportioned, were ordered to be distributed by the township trustees for the relief of the persons contemplated in the act; the persons coming within the provisions of the law to be designated by the disbursing officer. These funds were to be drawn in equal monthly proportions, and distributed at a fixed monthly rate.

Compliance with the provisions of the act was not a matter of discretion, but of duty, resting upon the commissioners and the trustees. It is, however, insisted that the act of *December* 20, 1865, repealing the former act, prevents a recovery in this case. The second section of the last act required that the taxes levied under the previous act should be collected and applied as theretofore provided, subject to the provisions of the succeeding section, which required that disbursements should cease after the third *Monday* in *March*, 1866.

The duty imposed by the original act, to make the payments monthly to the objects of the trust, of a sum named in the law, was expressly recognized and enforced by the repealing act, and its continued discharge directed up to the third *Monday* of *March*, 1866. The provision that thereafter the disbursements should cease and the county commissioners assume the care of such persons and "provide for them as they should think best, in a liberal manner," was clearly made in contemplation that the law had been and would be complied with, and all legal obligations up to that date fully discharged. Both acts indicate, in their various provisions, the protecting care extended by the State over those soldiers disabled by reason of wounds or diseases received or contracted in the line of duty, and over their wives, children and mothers dependent on them, and also over the destitute families of such as had fallen. We

cannot construe an act, intended to continue this care within less restricted limits, as discharging any county from obligations already incurred and undischarged. The fifth section of the repealing act declares that "nothing in this act shall be construed so as to prevent the board of commissioners of any county from allowing to the families of soldiers the amount to which they are entitled by the provisions of the act repealed, for the year 1865, in all cases where the same has not been allowed." Acts Spec. Sess. 1865, p. 59. This express recognition, that persons coming within the provisions of the earlier act are "entitled" to the benefits it confers, leaves in full force the obligation resting upon the commissioners to discharge all the obligations accruing during the fiscal year 1865, under the law extended to the third *Monday* of *March*, 1866.

The judgment is affirmed, with costs.

*G. V. Howk* and *R. M. Weir*, for appellant.

*W. Bullitt*, for appellee.

# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1867, IN THE FIFTY-SECOND
YEAR OF THE STATE.