*L. Barbour* and *C. P. Jacobs,* for appellee.

---

BOARD OF COMMISSIONERS OF CLINTON COUNTY *v.* McDOWELL.

RELIEF OF SOLDIERS' FAMILIES.—*Statute.*—*Construction of.*—The provision of the third section of the act of December 20th, 1865, that disbursements from the fund for the relief of soldiers' families should cease after the 3d of March, 1866, has relation to the time for which such disbursements should be made, and does not prohibit payment after that date to those entitled for time prior thereto.

SAME.—*Application for.*—Since the 4th of March, 1866, an application for payment from such fund is properly made directly to the Board of County Commissioners, whose determination of the question whether the applicant had otherwise sufficient means for comfortable support is final.

APPEAL from the Clinton Circuit Court.

ELLIOTT, J.—McDowell presented a claim to the Board of Commissioners of Clinton county, at the March term thereof, 1868, for the sum of sixty dollars, under the act for the relief of families of soldiers, &c., approved March 4th, 1865. The board refused to allow the claim, and McDowell appealed to the Circuit Court, where the statement of the claim was amended so as to present the following facts: That in the year 1865, there was levied and collected in Clinton county, under the act of March 4th, 1865, for the relief of soldiers' families, &c., the sum of $16,473.84; of which, the sum of $1,529.68 was applied under the provisions of the act for the relief of soldiers' families, leaving the sum of $14,944.16 of said fund in the county treasury; that McDowell was mustered into the military service of the United States as a private in Co. "M," 126th Reg't (11th Cavalry) of Indiana Volunteers, on the 30th of January, 1864, and that he continued in said service until the 6th day of June, 1865; that he was not a commissioned officer during any part of his term of service; that he had during the time, and now has, a wife and five children—the children being under the age of twelve years—who were dependent on him for support, and had not otherwise sufficient means for their comfortable support; that during said period they were, and still are, residents of Perry township, in said county, and were duly enumerated in the enumeration taken in said township under the provisions of said act, but were never paid anything thereunder.

A demurrer to the claim having been overruled, a general denial thereof was filed, and the case submitted to the court for trial. On the trial the attorney for the board of commissioners admitted "all the facts alleged by the plaintiff

in his complaint to be true;" and the court thereupon found for the plaintiff the sum of sixty dollars, and, having overruled a motion for a new trial, rendered judgment for that sum.

The question presented here is, was the plaintiff entitled to the allowance, under the facts presented in the claim? The act of March 4th, 1865 (Acts Reg. Sess. p. 93), created a special fund for the relief of the families of soldiers in the service of the United States, from this State, and provided for its payment to the trustees of the several townships to "be distributed by them for the relief of the families of non-commissioned officers, musicians, and privates, in the service aforesaid, who have not otherwise sufficient means for their comfortable support, such fact to be determined by the disbursing officer; but any applicant dissatisfied with his decision may refer the same to the Board of County Commissioners, whose determination shall be final, as follows: To the wife or mother dependent on said soldier, the sum of eight dollars per month; and to each child under the age of twelve years, the sum of two dollars per month," &c.

This act was repealed by the first section of the act of December 20th, 1865 (Acts Spec. Sess. p. 59). But the second section of the repealing act provides that "The taxes levied in pursuance of the provisions of the above entitled act, for the year 1865, shall be collected and retained in the several counties where the same was levied, under the control of the Board of County Commissioners, and by them applied in conformity with said act, as if the same were still in force, subject to the provisions herein recited." The third section declars that "On and after the third day of March, 1866, all disbursements from such funds to the persons, in said act enumerated, shall cease;" and provides that the residue of the funds collected for the year 1865, after the payment of all loans that may have been made by the county under the provisions of the act of March 4th, shall be retained in the county treasury, and

makes it the duty of the board of commissioners in their discretion to provide therefrom in a liberal manner, amongst others, for the wives, children, and mothers, dependent on such soldiers, &c.

It is argued on behalf of the appellants, that no claim could be presented for an allowance under the original act for the year 1865, after the third day of March, 1866, as the third section of the repealing act declares that all disbursements from the fund shall cease after that date.

We held in the case of *The Board of Commissioners of Floyd County* v. *Love*, 28 Ind. 198, that persons coming within the provisions of the seventh section of the act of the 4th of March, 1865, were entitled to the allowance therein provided, as a right, and that the payment thereof was not a matter of discretion, but of duty. The obligation imposed by the original act to make the payments monthly for the year 1865, is expressly recognized and required by the repealing act. The provision of the third section of the repealing act that all disbursements from the fund should cease after the 3d day of March, 1866, when construed with the other provisions of the act, we think, has relation to the time for which such payments should be made, and does not prohibit payments after that date to those entitled for any period of time prior thereto. The original act was approved on the 4th of March, 1865, and extended the relief to the families of soldiers coming within its provisions, for the period of two years, to wit, for the years 1865 and 1866, and directed a special levy for each of those years, to defray the expenses thereof. The levy was made for the year 1865, and the special object of the repealing act seems to have been to prohibit the levy for 1866, and limit the period of the provision to one year from the passage of the original act. This construction is sustained by the fifth section, which declares that nothing in the act shall be so construed as to prevent the board of commissioners from allowing to the families of soldiers the amount to which they were entitled by the act repealed, for

the year 1865, in all cases where the same has not been allowed.

The act provided for monthly payments, and was evidently intended as a present aid in the support of such families as were dependent on absent soldiers, during the period of their absence in the military service. Its provisions however were not extended to the families of all the soldiers from the State, but only to such as were dependent on soldiers, and "who had not otherwise sufficient means for their comfortable support," which fact was to be determined by the disbursing officer; but if the applicant was not satisfied with the decision, he might refer the question to the board of county commissioners, whose determination was final. Since the 4th of March, 1866, the application is properly made, under the repealing act, directly to the county commissioners.

It is but reasonable to suppose that the necessities of those entitled to share in the fund would have induced them to apply promptly for the amount allowed, as it became payable, and a failure to make such application, and especially after a lapse of over two years, might afford a reasonable presumption, in the absence of explanatory facts, that the applicant had other means for a comfortable support. If, in this case, the application had been rejected by the board of commissioners for that reason, the decision would have been final, from which there would have been no appeal. But the claim was not denied on that ground; and it was admitted by the commissioners, in the Circuit Court, that the family of McDowell, during the period for which the claim is made, were dependent on him, and had not otherwise sufficient means for their comfortable support. We think, therefore, that the Circuit Court committed no error in making the allowance, and hence, that the judgment must be affirmed.

Judgment affirmed, with one per cent. damages, and costs.

*L. McClurg* and *J. N. Sims*, for appellant.

*S. H. Doyal* and *P. W. Gard*, for appellee.